UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NITIN KHURANA,                                    Civil Action No.:

             Plaintiff,                   COMPLAINT

- against -

JMP USA INC. and RAVINDER SINGH,

             Defendants.
-----------------------------------------------------------X

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay him overtime premium pay for all hours worked in excess of forty per week, and that Defendants acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") and section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

PARTIES

5. Plaintiff, Nitin Khurana (hereinafter "plaintiff"), is a resident of Hicksville, New York. He was employed as a clerk at the Defendants' gas station from on or about December 2011 until on or about July 2014.

6. The Defendant, JMP USA Inc. (hereinafter "JMP"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. The Defendant, Ravinder Singh (hereinafter "Singh"), is an individual residing in the State of New York.

8. At all relevant times, Singh was a corporate officer of JMP. Upon information and belief, at all times relevant, Singh exercised operational control over JMP, controlled significant business functions of JMP, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of JMP in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Singh has been an employer under the FLSA and New York Wage and Hour Law.

FACTS

9. Plaintiff's primary job duties were to act as a clerk at the defendants' gas station located at 515 Old Country Road, Westbury, New York.

10. Plaintiff's primary duties never consisted of performing managerial work directly related to Defendants' management policies or general business operations or those of its

2

customers. Nor did his primary duties include work requiring the exercise of discretion or independent judgment with respect to matters of significance.

11. Plaintiff never regularly supervised or directed the work of two or more full-time employees or their equivalent. Plaintiff never had any responsibility for managing any department or subdivision of Defendants' business. And, Plaintiff's duties never required knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

12. From January 2012 until September 2013, Plaintiff regularly worked 7 days a week.

13. From January 2012 until April 2012, Plaintiff regularly worked 96 hours a week.

14. From January 2012 until April 2012, Plaintiff began his shift at 7:00 a.m. on Monday through Saturday.

15. From January 2012 until April 2012, Plaintiff's shift ended at 9 p.m. on Monday through Saturday.

16. From January 2012 until April 2012, Plaintiff began his shift at 8 a.m. on Sunday and his shift ended at 8 p.m. that day.

17. From April 2012 until November 2012, Plaintiff regularly worked 102 hours a week.

18. From April 2012 until November 2012, the Plaintiff began his shift at 7:00 a.m. on Monday through Saturday.

19. From April 2012 until November 2012, the Plaintiff's shift ended at 10:00 p.m. on Monday through Saturday.

20. From April 2012 until November 2012, the Plaintiff began his shift at 8:00 a.m. on Sunday and his shift ended at 8 p.m. that day.

21. From November 2012 until April 2013, Plaintiff regularly worked 96 hours a week.

22. From November 2012 until April 2013, Plaintiff began his shift at 7:00 a.m. on

Monday through Saturday.

23. From November 2012 until April 2013, Plaintiff's shift ended at 9 p.m. on Monday through Saturday.

24. From November 2012 until April 2013, Plaintiff began his shift at 8:00 a.m. on Sunday and his shift ended at 8 p.m. that day.

25. From April 2013 until September 2013, Plaintiff regularly worked 102 hours a week.

26. From April 2013 until September 2013, Plaintiff began his shift at 7:00 a.m. on Monday through Saturday.

27. From April 2013 until September 2013, Plaintiff's shift ended at 10:00 p.m. on Monday through Saturday.

28. From April 2013 until September 2013, Plaintiff began his shift at 8:00 a.m. on Sunday and his shift ended at 8 p.m. that day.

29. From September 2013 until June 2014, Plaintiff regularly worked 6 days a week.

30. From September 2013 until June 2014, Plaintiff had off on Saturdays.

31. From September 2013 until June 2014, Plaintiff regularly worked 82 hours a week.

32. From September 2013 until June 2014, Plaintiff began his shift at 7 a.m. on Monday through Friday.

33. From September 2013 until June 2014, Plaintiff's shift ended at 9 p.m. on Monday through Friday.

34. From September 2013 until June 2014, Plaintiff began his shift at 8:00 a.m. on Sunday and his shift ended at 8 p.m. that day.

35. During the months of June and July, 2014, Plaintiff regularly worked 7 days a week.

36. During the months of June and July, 2014, Plaintiff regularly worked 102 hours a week.

37. During the months of June and July, 2014, Plaintiff began his shift at 7 a.m. on Monday through Saturday.

38. During the months of June and July, 2014, Plaintiff's shift ended at 10:00 p.m. on Monday through Saturday.

39. During the months of June and July, 2014, Plaintiff began his shift at 8:00 a.m. on Sunday and his shift ended at 8 p.m. that day.

40. Plaintiff was always paid by the hour.

41. During his employment, Plaintiff was paid in cash each week.

42. During his employment, Plaintiff was never paid by check.

43. During his employment, Plaintiff was paid straight time for every hour he worked each week.

44. Plaintiff was not paid time and a half his regular rate of pay when he worked more than 40 hours a week.

45. Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

46. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

47. During the course of his employment, the Defendants never paid the Plaintiff overtime compensation.

48. During the course of his employment, the Plaintiff routinely worked shifts in excess of ten hours.

49. The Defendants never paid the Plaintiff spread of hours compensation.

50. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

51. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

52. At all times relevant to this Complaint, Defendants have "employed" Plaintiff suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

53. At all times relevant to this Complaint, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

54. At all times relevant to this Complaint, the gross annual volume of sales made or business done by JMP during the years 2013, 2012, and 2011 was not less than $500,000.00 each year.

55. Defendants' failures to pay overtime wages to Plaintiff for such work violates the FLSA (29 U.S.C. § 207).

56. Defendants' failures to provide required compensation for all hours worked by Plaintiff are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

57. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

58. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

59. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

60. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

61. At all times relevant to this Complaint, Defendants employed Plaintiff suffering or permitting him to work within the meaning of NYLL and the regulations pertaining thereto.

62. Defendants failed to pay overtime premiums to Plaintiff for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

63. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

64. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT III
## NYLL Spread of Hours Claim

65. That the Plaintiff has worked shifts of more than ten hours for most work days during his employment.

66. That the Defendants never paid spread of hours pay to the Plaintiff as required under Part 142, section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of

Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

67. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

68. As a result of defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court

(A) Determine the damages sustained by Plaintiff as a result of Defendants' violations of 29 U.S.C. §207, and award those damages against Defendants and in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

(B) Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and the regulations pertaining thereto, and award those damages against Defendants and in favor of Plaintiff, and liquidated damages, such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution;

(C) Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees.

(D) Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
July 22, 2014

*[signature]*

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Khurana v. JMP USA, Inc. et al.</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
      July 9, 2014

*/s/ Nitin*
Nitin Khurana